J-S22019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSUE ALAMEDA, SR. | |
| Appellant | No. 1298 WDA 2014 |

Appeal from the Judgment of Sentence November 18, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001175-2013

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 04, 2015**

Josue Alameda, Sr., appeals from the judgment of sentence imposed by the Court of Common Pleas of Erie County following his convictions for several offenses arising out of a high speed chase after he failed to obey a stop sign.  Alameda's counsel also seeks to withdraw pursuant to the dictates of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). Upon review, we grant counsel's petition to withdraw and affirm Alameda's judgment of sentence.

Between midnight and 12:15 a.m. on February 27, 2013, police officers observed Alameda, who was driving a dark colored Pontiac Grand

_____

[*] Retired Senior Judge assigned to the Superior Court.

Am, run a stop sign at the corner of 24th and Ash Streets in Erie. He led the officers on a high-speed chase at 80 miles per hour through an area posted at 25 miles per hour. At one point, when the vehicle was estimated to be traveling at 100 miles per hour, it hit a bump, became airborne and jumped two lanes of traffic. Eventually, the vehicle hit a snowbank, then hit some trees and came to stop.

On September 24, 2013, at the conclusion of a two-day trial, a jury convicted Alameda of fleeing or attempting to elude a police officer[1] and resisting arrest.[2] The court then convicted him of reckless driving[3] and failure to obey a stop sign.[4]

On November 18, 2013, the trial court sentenced Alameda to 9 to 23 months' incarceration followed by 24 months of probation along with fines and costs. He did not file a post-sentence motion or direct appeal.

Alameda filed a petition pursuant to the Post-Conviction Relief Act,[5] which the court granted on July 29, 2014, reinstating Alameda's right to file a post-sentence motion and direct appeal. He filed a post-sentence motion

_____

[1] 75 Pa.C.S. § 3733(a).

[2] 18 Pa.C.S. § 5104.

[3] 75 Pa.C.S. § 3736(a).

[4] 75 Pa.C.S. § 3323(b).

[5] 42 Pa.C.S. §§ 9541-9546.

on August 1, 2014, which the court denied on August 4, 2014. This timely appeal followed, and on August 25, 2014, Alameda's counsel filed a statement of intent to file an **Anders**/**McClendon** brief in lieu of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On January 28, 2015, Alameda's counsel filed an **Anders** brief. "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 847 A.2d 638, 639 (Pa. Super. 2005). Furthermore, counsel must comply with certain mandates when seeking to withdraw pursuant to **Anders**, **Santiago**, and **McClendon**. These mandates are not overly burdensome and have been summarized as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Moreover, the **Anders** brief that accompanies counsel's petition to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Here, counsel has filed a petition averring that, after a thorough review of the record, she finds the appeal to be wholly frivolous, and states her reasons for so concluding. **Santiago**, **supra**. Counsel provided a copy of the petition and **Anders** brief to Alameda, advised him of the right to retain new counsel, or proceed *pro se*, and raise any additional points he deems worthy of this Court's attention. Accordingly, we find counsel has met the requirements of **Anders**, **McClendon** and **Santiago**.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

In her **Anders** brief, the sole issue of arguable merit raised by counsel is whether the sentence is manifestly excessive, clearly unreasonable, and not individualized as required by law. **Anders** Brief, at 1.

Alameda's allegation that his sentence was excessive is a challenge to the discretionary aspect of his sentence, which is not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test. *Commonwealth v. Prisk*, 13 A.3d 526 (Pa. Super. 2011).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.* at 532, citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Alameda has preserved his claim by filing a post-sentence motion and including it in his statement of intent to file an *Anders* brief. His notice of appeal was timely filed. Finally, Alameda's counsel has included in her *Anders* brief a statement pursuant to Pa.R.A.P. 2119(f), claiming that the trial court imposed an excessive sentence.

Judicial review of the discretionary aspects of a sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

Alameda argues that he raises a substantial question because although he was sentenced within the guidelines, "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). The reasons set forth by Alameda in support of this claim are as follows:

> [H]e should have received a lighter sentence because he took responsibility for his actions and expressed remorse for his actions and that he apologized at the time of sentencing. Further, his actions were the result of his drinking alcohol.

*Anders* Brief, at 4-5.

We are unpersuaded that these reasons support a conclusion that Alameda's sentence was either excessive or unreasonable.

When imposing sentence, the court noted:

> I have considered a number of things here, the pre-sentence investigative report in its entirety, and I'll make it a part of the record. I've also considered the Pennsylvania Sentencing Code and all its factors, the guidelines, the various statements made here to me today, and also [Alameda's] sister's letter which I have read and I'm returning to counsel.

N.T. Sentencing Hearing, 11/18/13, at 7.

Where a pre-sentence report exists, we presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory

- 6 -

factors. ***Commonwealth v. Walls***, 926 A.2d 957, 967 n.7 (Pa. 2007). Accordingly, we reject Alameda's argument that his sentence was not individualized.

Alameda has failed to raise a substantial question, and therefore is not entitled to review of the discretionary aspect of his sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2015