J-S68019-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRAVIS GARRETTE, | : | |
| | : | |
| Appellant | : | No. 374 EDA 2014 |

Appeal from the Judgment of Sentence January 10, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0001556-2009

BEFORE:  BENDER, P.J.E., DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.:               **FILED NOVEMBER 24, 2015**

Travis Garrette ("Garrette") appeals from the judgment of sentence entered following the revocation of his probation.  His court-appointed counsel, Lawrence J. Bozzelli, Esquire ("Counsel"), has filed a motion seeking permission to withdraw and a brief in support thereof pursuant to ***Anders v. California***, 386 U.S. (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Following our review, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

Briefly, we recite the facts underlying this appeal.  In 2010, Garrette was convicted of possessing a firearm without a license and sentenced to six years of probation.  While on probation, Garrette was arrested in connection with a number of robberies.  As a result, he was convicted of robbery and related offenses and sentenced to eight to sixteen years of imprisonment.

These convictions were direct violations of his probation, and on January 10, 2014, a violation of probation ("VOP") hearing was held, at the conclusion of which the trial court revoked Garrette's probation and imposed a sentence of three and a half to seven years of imprisonment, ordered to run consecutively to the sentence imposed on the convictions related to the robberies. Garrette did not file a post-sentence motion, but timely filed this appeal. In response to the trial court's Rule 1925(b) order, Counsel filed a statement of his intent to file an **Anders** brief and petition seeking permission to withdraw. As a result, the trial court did not author an opinion.

A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015).

> These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). This Court has summarized these requirements as follows:
>
> > Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues

> necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

***Woods***, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an ***Anders*** brief:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

***Id.*** If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Id.*** In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all

of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

We begin with Counsel's filings. Counsel has filed a petition seeking to withdraw with this Court, in which he states his belief that after an examination of the record, the appeal is wholly frivolous. Attached to that petition is a copy of the letter he sent to Garrette, which indicates that he enclosed a copy of his *Anders* brief and advises Garrette that he can retain new counsel or proceed pro se to raise with this Court any additional points he deems worthy, and further advises that if he wishes to do either, he must act quickly. Further, the content of Counsel's *Anders* brief conforms to the *Santiago* requirements previously set forth.

Although the content of his filings are adequate, Counsel has failed to comply technically with all of the *Anders* requirements because he did not provide Garrette with a copy of his petition seeking to withdraw.[1] In his letter to Garrette, Counsel encloses the *Anders* brief and explains that he is filing the *Anders* brief because he did not believe there were any non-frivolous issues to raise on appeal. Counsel advises Garrette that Garrette may proceed pro se or retain other counsel to proceed in the appeal, and advises that if he wished to do so, he must act quickly. While these

---

[1] The certificate of service attached to Counsel's petition seeking to withdraw indicates that he served it upon only this Court and the Commonwealth, and the letter he sent to Garrette indicates that Counsel has enclosed only the *Anders* brief.

statements imply that Counsel was seeking to withdraw, they do not state this intention directly (as the petition seeking permission to withdraw would). There could be concern, therefore, that Garrette was not adequately informed of this fact. However, in the *Anders* brief (which Counsel did provide to Garrette), Counsel states clearly that he has filed a petition seeking to withdraw based on his determination that there are no meritorious issues to raise. *Anders* Brief at 4, 8, 11. We therefore conclude that although Counsel did not provide Garrette with a copy of his petition seeking to withdraw, Garrette was adequately informed that Counsel was seeking to withdraw from his representation. Consequently, we conclude that Counsel has substantially complied with the *Anders* requirements, and so we undertake our independent review to determine whether Garrette's appeal is wholly frivolous. *See Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa. Super. 2015) ("Substantial compliance with [*Anders*] requirements is sufficient.") (citing *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007)).

The first issue that Counsel presents is a challenge to Garrette's sentence as excessive. *Anders* Brief at 9-10. As the Commonwealth notes, in order to preserve a challenge to the discretionary aspects of a sentence, a defendant must raise the issue either at the time of sentencing or in a post-sentence motion. *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) ("To preserve an attack on the discretionary aspects of

sentence, an appellant must raise his issues at sentencing or in a post-sentence motion."). Garrette did not challenge his sentence as excessive at the time of his sentencing, and he did not file a post-sentence motion. His failure to preserve this issue precludes him from raising it on appeal. Accordingly, we agree with Counsel's assessment that it would be frivolous to raise this issue on appeal.

Counsel also states that Garrette might want to argue that his sentence violates *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013) because "the trial court effectively enhanced his sentence based on factors which were not submitted to a jury[.]" *Anders* Brief at 10. There is clearly no merit to this claim. In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and that they must be found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163. There is no indication that the trial court relied on a mandatory minimum sentence enhancement when formulating Garrette's sentence. There is therefore no basis for an *Alleyne* challenge.

In conformance with our duties, we have reviewed the record in its entirety. Our independent review of the record does not reveal any issue that would arguably support an appeal. Accordingly, we grant Counsel's petition and affirm Garrette's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2015