J. S03009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH DAVID HOWARD, | : | No. 699 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 30, 2015,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0006928-2014

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MARCH 16, 2016**

Joseph David Howard appeals from the January 30, 2015 judgment of sentence after he pled guilty to one count of escape and the trial court sentenced him to 7 to 23 months' incarceration.  Lisa Y. Williams, Senior Deputy Public Defender, has filed a petition to withdraw, alleging that the appeal is frivolous, accompanied by an ***Anders*** brief.[1]  We will grant counsel's withdrawal petition and affirm the judgment of sentence.

The trial court provided the following factual and procedural history:

> The following facts are derived from the Affidavit of Probable Cause which was incorporated into the record at sentencing.  In September of 2014, Appellant was participating in the work release program at the Men's Community Corrections Center ("Center") in Bucks County, Pennsylvania because of

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

a prior conviction for criminal mischief. On September 24, 2014 at approximately 3:45 P.M., Appellant clocked out of the Center to attend his work placement. Appellant was required to return to the Center by 11:30 P.M. that evening. At 11:35 P.M., an officer paged Appellant because he had failed to return to the Center, but the officer did not receive any response from Appellant. A corrections officer responded to Appellant's work site and Appellant was not present. Appellant was then placed on escape status.

On January 30, 2015, Appellant pled guilty to one count of escape[Footnote 1] and was sentenced to seven to twenty-three months['] incarceration in the Bucks County Correctional Facility. Appellant then filed a post-sentence motion to modify and reconsider sentence on February 9, 2015. This motion was denied on February 13, 2015 and Appellant timely filed [a] Notice of Appeal to the Superior Court of Pennsylvania.

[Footnote 1]  18 Pa.C.S.A. § 5121(a). 18 Pa.C.S.A. § 5121(d) provides, "An offense under this section is a felony of the third degree where the actor was under arrest for or detained on a charge of felony [or] convicted of a crime."

Trial court opinion, 4/30/15 at 1-2.

Appellant raises one issue for our review:

A.    WHETHER THE SENTENCING JUDGE ABUSED HIS DISCRETION BY REFUSING TO GIVE APPELLANT TIME CREDIT FROM SEPTEMBER 26, 2014 THROUGH JANUARY 29, 2015, WHEN THE APPELLANT WAS BEING DETAINED ON BOTH THE PRESENT CASE AND ANOTHER CASE IN WHICH APPELLANT WAS ALREADY SERVING A SENTENCE?

Appellant's brief at 4.

On August 4, 2015, Attorney Williams filed in this court a petition to withdraw as counsel and an ***Anders*** brief, wherein Attorney Williams states that there are no non-frivolous issues preserved for our review.

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
> > These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
> >
> > > Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
> > >
> > > ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed

> *pro se* or raise additional points worthy of the Court's attention.

**Woods**, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an **Anders** brief:

> The **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

*Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked

the existence of potentially non-frivolous issues."
***Id.***

***Commonwealth v. Hankerson***, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Williams' application to withdraw, supporting documentation, and ***Anders*** brief reveals that she has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed ***pro se***, and/or raise any additional points that he deems worthy of this court's attention, and attached to the ***Anders*** petition a copy of the letter sent to appellant as required under ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa.Super. 2005). ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in ***Santiago*** set forth the new requirements for an ***Anders*** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in ***Millisock*** that remain binding legal precedent."). As Attorney Williams has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

In his only issue on appeal, appellant avers that he is entitled to time credit against his criminal mischief sentence and his escape sentence.

We find this appeal to be wholly frivolous for the reasons discussed in the trial court's thorough and comprehensive opinion. Specifically,

> . . . [a]ppellant was still actively serving a sentence in the Men's Community Corrections Center in Bucks County for his prior conviction of criminal mischief at the time of his escape on September 24, 2014. When [a]ppellant was subsequently arrested on September 26, 2014, he was still serving the sentence for the criminal mischief conviction. As the Superior Court held in [**Commonwealth v. Davis**, 852 A.2d 392 (Pa.Super. 2004)], [a]ppellant is not entitled to credit against two sentences for the pre-sentence confinement. Thus, the time [a]ppellant was incarcerated between September 26, 2014 and January 29, 2015 must be applied to [a]ppellant's original sentence for criminal mischief, and not to [a]ppellant's sentence for escape.

Trial court opinion, 4/30/15 at 5.

Additionally, our independent review of the entire record has not disclosed any potentially non-frivolous issues. Therefore, we affirm on the basis of the trial court's April 30, 2015 opinion. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016