J-S69007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE PRADO | |
| Appellant | No. 2162 MDA 2015 |

Appeal from the PCRA Order November 5, 2015
In the Court of Common Pleas of York County
Criminal Division at Nos: CP-67-CR-0006485-2012; and CP-67-CR-0002643-2014

BEFORE:  STABILE, DUBOW, and PLATT, [*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 22, 2016**

Appellant, Jorge Prado, appeals from the November 5, 2015 order of the Court of Common Pleas of York County ("PCRA court"), denying relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Appellate counsel has filed an **Anders**[1] brief and requested permission to withdraw.  Upon review, we quash the appeal, and dismiss counsel's petition to withdraw.

Stemming from an incident on August 20, 2012, Appellant pled guilty to driving under the influence ("DUI")[2] on December 7, 2012, in docket CP-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] 75 Pa.C.S.A. § 3802(b).

67-CR-006485-2012. Appellant was sentenced to five years of intermediate punishment with the first 45 days at the York County Prison followed by 90 days of house arrest/electronic monitoring. As the result of an incident on March 23, 2014, Appellant pled guilty to DUI and driving under suspension, DUI related ("DUS")[3] on August 18, 2014, in docket CP-67-CR-002643-2014. As part of a negotiated sentence, Appellant was sentenced to an aggregate sentence of 15-63 months at a state correctional institute ("SCI") on the new charges. The same date, the trial court revoked Appellant's intermediate punishment sentence in CP-67-CR-006485-2012 and sentenced Appellant to 30-60 months at a SCI. Appellant did not file any post-sentence motions or a direct appeal.

On March 31, 2015, Appellant filed a timely *pro se* PCRA petition alleging ineffective assistance of counsel. Appellant was appointed PCRA counsel, who filed an amended PCRA petition on May 15, 2015, asserting trial counsel was ineffective for failing to file post-sentence motions and a notice of appeal. The PCRA court filed a notice of intent to dismiss on May 22, 2015, and Appellant filed a response on June 12, 2015. A hearing was held on Appellant's amended PCRA petition on November 5, 2015, at the conclusion of which the PCRA court denied Appellant's petition.

_____

[3] 75 Pa.C.S.A. §§ 3082(c) and 1543(b)(1.1)(i), respectively.

Appellant filed a notice of appeal on December 10, 2015. On December 11, 2015, the PCRA court directed Appellant to file a concise statement of matters complained of on appeal. On December 28, 2015, Appellant filed a motion to withdraw appeal, which the PCRA court dismissed on January 4, 2016. On February 29, 2016, Appellant filed a concise statement of matters complained of on appeal. The PCRA court issued an opinion on March 22, 2016.

Appellant's counsel filed, in this Court, a petition to withdraw as counsel and an **Anders** brief,[4] wherein counsel raises one issue for review:

> I. Whether the Appellant's appeal contending the PCRA court erred by dismissing his PCRA [p]etition is wholly frivolous and without arguable merit within the meaning of **Anders v. California**, 368 U.S. 728 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

**Anders** Brief at 6. Further, counsel's **Anders** Brief addresses the merits of Appellant's claim, whether trial counsel was ineffective for failing to file post-sentence motions.

_____

[4] **Anders v. California**, 386 U.S. 738 (1967), set forth the requirements to withdraw on direct appeal, which are more stringent than the **Turner**/**Finley** requirements that apply on collateral appeal. **See Widgins**, 29 A.3d at 817 n.2. "Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Id.**

Before we may consider these issues, we must first address whether counsel's **Anders** brief satisfies the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;
(2) refer to anything in the record counsel believes arguably supports the appeal;
(3) set forth counsel's conclusion that the appeal is frivolous; and
(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Furthermore, counsel must "provide a copy of the **Anders** petition and brief to appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quoting **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007)).

While Appellate counsel indicated the procedural history in his **Anders** brief, he neglected to note that the instant appeal is untimely. Appellant's PCRA petition was denied on November 5, 2015. A notice of appeal must "be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. Appellant's final date to file a notice of appeal was

December 7, 2015.[5]  Appellant filed a notice of appeal on December 10, 2015; therefore, Appellant's appeal was untimely.  *See* Pa.R.A.P. 903. Accordingly, we must quash this untimely appeal.

Appeal quashed.  Petition to withdraw dismissed as moot.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016

_____

[5] The mechanical run date for Appellant to file a notice of appeal (30 days after November 5, 2015) was Saturday, December 5, 2015; therefore, the final day Appellant could file the notice was Monday, December 7, 2015.