J. S20029/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER JOHN LUGOWSKI, | : | No. 3549 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 12, 2016,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0007169-2015

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED MAY 16, 2017**

Christopher John Lugowski appeals from the October 12, 2016 judgment of sentence after he pled guilty to conspiracy to commit murder and conspiracy to commit aggravated assault.[1]  The trial court sentenced him to an aggregate term of 10 to 20 years' incarceration.  Michael J. Harper ("Attorney Harper"), appellant's counsel, has filed a petition to withdraw, alleging that the direct appeal is wholly frivolous, accompanied by an **Anders** brief.[2]  We grant counsel's withdrawal petition and affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. § 903.

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

The trial court provided the following factual history set forth in the affidavit of probable cause and stipulated to by the parties:

> On October 16, 2016 [appellant], his co-defendant Wydell Bronson and a female companion were at the Waterford Inn in Upper Darby, PA. Four other individuals were also at the bar. One of these individuals advised the bartender that she had been in a physical altercation with [appellant] and Bronson previously. The bartender told [appellant] and his companions to leave the bar. They left at about 2:00 a.m. and returned at 4:00 a.m. When two of the four individuals left the bar they were met by gunshots. They saw Bronson shooting from bushes that were near the bar . . . and ran back inside. Two of the four individuals were not harmed. One victim was shot in the abdomen as she stood inside the bar and another victim was shot in the left knee as he ran away from the bar and Bronson continued to fire. [Appellant] gave a statement admitting his involvement in the shooting.
>
> [Appellant] filed a post sentence motion *pro se*. On November 14, 2016, the motion was denied and on the same day counsel filed a Notice of Appeal. Trial counsel moved to withdraw her representation. That motion was granted and appellate counsel was appointed. On December 6, 2016 appellate counsel filed a "Statement of Matters Complained of on Appeal," wherein he stated his intention to file an *Anders* brief in the Superior Court.

Trial court opinion, 12/7/16 at 1-2.

Appellant raises one issue for this court's review: "Whether [appellant] entered a knowing, voluntary and intelligent guilty plea?" (Appellant's brief at 1.)

On January 13, 2017, Attorney Harper filed in this court a petition to withdraw as counsel and an **Anders** brief, wherein Attorney Harper states that there are no non-frivolous issues preserved for our review on direct appeal.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>>>
>>> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the

> appellant of the right to retain new counsel, proceed ***pro se*** or raise additional points worthy of the Court's attention.

***Woods***, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an ***Anders*** brief:

> The ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

***Id.*** at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Id.*** at 1248. In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to "make

> certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues."
> ***Id.***

***Commonwealth v. Hankerson***, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Harper's application to withdraw, supporting documentation, and ***Anders*** brief reveals that he has complied with all of the foregoing requirements.  We note that counsel also furnished a copy of the brief to appellant; advised him of his right to retain new counsel, proceed ***pro se***, and/or raise any additional points that he deems worthy of this court's attention; and attached to the ***Anders*** petition a copy of the letter sent to appellant as required under ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa.Super. 2005).  ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in ***Santiago*** set forth the new requirements for an ***Anders*** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in ***Millisock*** that remain binding legal precedent.").  As Attorney Harper has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5.  Thus, we now turn to the merits of appellant's appeal.

Appellant asserts that he did not enter a knowing, voluntary, and intelligent guilty plea when he agreed to enter a negotiated plea of guilty.

This court notes that appellant failed to raise the issue of the validity of his plea either before the trial court in open court or in a post-sentence motion. Appellant's post-sentence motion did not address the issue of his plea. *See* Pa.R.Crim.P. 720(B); ***Commonwealth v. D'Collanfield***, 805 A.2d 1244 (Pa.Super. 2002). Accordingly, this issue is waived for purposes of appeal. This court agrees with Attorney Harper that this issue concerning his plea is frivolous.[3]

Additionally, our independent review of the entire record has not disclosed any potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017

---

[3] Even if appellant preserved this issue, this court would agree with Attorney Harper that the appeal was frivolous because appellant indicated through an oral and written plea colloquy that he made a knowing, voluntary, and intelligent guilty plea.