**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Darnell WOODS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 9, 2007.

Filed Dec. 13, 2007.

John E. Kusturiss, Jr., Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney and George M. Green, Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: STEVENS, ORIE MELVIN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This case is a direct appeal from judgment of sentence. Appellant's issue is whether the trial court erred in denying his post-sentence motion to withdraw his *nolo contendere* plea. Appellant's counsel has filed a petition to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that the appeal is wholly frivolous. We deny counsel's petition without prejudice and we remand for the filing of a proper *Anders* petition and brief or an advocate's brief.

### Facts

¶ 2 Appellant was charged with possession of a controlled substance (35 Pa. C.S.A. § 780–113(a)(16)), delivery of a controlled substance (35 Pa.C.S.A. § 780–113(a)(30)), and possession of drug paraphernalia (35 Pa.C.S.A. § 780–113(a)(32)). The controlled substance was cocaine. Pursuant to a plea agreement, he pled *nolo contendere* to delivery and was sentenced to not less than nine and not more than twenty-three months' incarceration. The other charges were *nolle prossed*.

¶ 3 After sentencing, Appellant filed a motion to withdraw his plea, essentially alleging that his plea counsel was ineffective in coercing Appellant to plead guilty. Because of the allegations of ineffectiveness, Appellant's counsel moved, and was granted permission, to withdraw. The court appointed present counsel. Thereafter, the court conducted a hearing on Appellant's motion and denied relief. Appellant filed this appeal.

* Retired Senior Judge assigned to the Superior Court.

### Legal Principles

¶ 4 Recently, we discussed the *Anders* process as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa.Super.1997). A proper *Anders* brief does not explain why the issues are frivolous and does not develop arguments against the appellant's interests. *Smith*, 700 A.2d at 1304. Rather, the brief articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous. *Id.* at 1303–05.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention. *Commonwealth v. Flores*, 909 A.2d 387, 389 (Pa.Super.2006) (overruled on other grounds by *Commonwealth v. Goodwin*, 2007 PA Super 180, 928 A.2d 287).
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). *See Smith*, 700 A.2d at 1303–05. By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. *Flores*, 909 A.2d at 389. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185, 1188 (1981). However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief. *Commonwealth v. Kearns*, 896 A.2d 640, 647 (Pa.Super.2006).

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super.2007).

¶ 5 In *Commonwealth v. Nischan*, 928 A.2d 349 (Pa.Super.2007), we similarly stated:

> Consequently, what counsel must do in an *Anders* brief is: (1) set forth in a neutral fashion the issues that the appellant wants to raise; (2) cite for this Court relevant legal authorities such as leading cases, statutes, and/or rules that deal with those issues; (3) make reference to the appropriate portions of the record so that this Court can locate the facts pertinent to the claims; and (4) aver that, after a thorough review of the record, the appeal is frivolous.

*Nischan*, 928 A.2d at 353.

¶ 6 As the foregoing statements of the law make clear, there are particularized mandates that an *Anders* counsel must follow. These mandates and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Wrecks*, 931 A.2d at 720; U.S. CONST. amend. VI (right to counsel); PA. CONST. art. I. § 9 (right to counsel); PA. CONST. art. V, § 9 (right to direct appeal). Thus, *Anders* is not a hypertechnical process. Rather, it is a proce-

dure designed specifically to afford the appellant specific constitutional rights.

¶ 7 By following the *Anders* procedure correctly, however, counsel not only affords the appellant the aforesaid constitutional rights but also demonstrates to this Court that those rights have, in fact, been afforded. For example, when counsel sets forth, in the *Anders* brief, the cases, statutes and rules relevant to the appellate issues, counsel is showing this Court that counsel has identified the law pertinent to the subject appeal. By contrast, if counsel does not evidence a recognition of the appropriate law, we certainly cannot find that the appellant has had the benefit of an attorney who effectively evaluated the appeal. As such, we would not be sure the appellant was afforded the constitutional right to appellate counsel. An *Anders* brief containing an appropriate statement of the law, however, helps to convince us that counsel has acted appropriately on the appellant's behalf.

¶ 8 Similarly, when this Court reads an *Anders* brief in which counsel sets forth the record facts that are germane to the legal issues, and in which counsel cites to the places in the record where those facts appear, we gain some assurance that counsel has read the record and has evaluated the case to determine which facts are significant. The brief, then, serves as a demonstration of counsel's knowledge and appellate efforts. If counsel does not recount and cite the relevant facts, we do not know if counsel has conscientiously examined the case.

¶ 9 Thus, "while counsel's finding of frivolousness is subject to our review, the *Anders* brief, as well as the *Anders* petition, gives this Court and the appellant an assurance that an officer of the court—a trained attorney—has applied a lawyer's learning and expertise when examining the case on the appellant's behalf." *Nischan*, 928 A.2d at 353. Ultimately, then, *Anders* does not involve a pointless formalism but, instead, a fruitful protocol, adherence to which not only facilitates an appellant's exercise of constitutional rights but also allows counsel to prove to this Court the appellant has been afforded those rights.[1]

### Analysis

¶ 10 While counsel's *Anders* petition does not state that counsel made a conscientious examination of the record, it does indicate that he "made a thorough review of Appellant's case." Petition to Withdraw, 09/06/07, at 1. While it would have been better if counsel had tracked the *Anders* language precisely, we nonetheless find this averment substantially complies with *Anders*.

¶ 11 The petition also alleges that, after said review, counsel believes the appeal is wholly frivolous. Additionally, the petition avers that counsel sent a copy of the brief to Appellant. Also, the certificate of service attached to the petition indicates a copy thereof was served on Appellant. In these respects, the petition adheres to the *Anders* imperatives.

¶ 12 Finally, the petition asserts that counsel served Appellant with a letter advising him of his right to retain substitute counsel or to proceed *pro se* and raise to this Court any points he deems worthy of merit. Standing on its own, this averment is likewise compliant with *Anders*. However, there is a complication. Although the petition indicates the letter is attached as an exhibit, the letter is not, in fact,

1. By articulating the relevant law and setting forth the pertinent facts, a proper *Anders* brief also assists this Court in our review of the substantive issues by providing a starting point for our consideration of the appeal.

attached thereto. While one might contend the petition itself adequately sets forth Appellant's rights, the missing letter is nonetheless problematic. For example, we have no way of knowing whether the content of the letter differed in any way from the averment in the petition. The letter may have added to, subtracted from, and/or conflicted with the petition. Ultimately, we are simply uncertain the letter provided the correct advice.

¶ 13 We faced a similar situation in *Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super.2005). There, counsel filed an *Anders* petition which included an averment that counsel sent a letter to the appellant advising him of "his right to new counsel." *Id.* at 752. The letter was not attached to the petition. While we found the language (*i.e.*, right to new counsel) misleading because it wrongly implied the appellant had the right to an appointed counsel when, in fact, the *Anders* right is the option to retain new counsel, we also observed that the absence of the actual letter from the petition was itself a problem. In particular, we were concerned that, without a copy of the letter, this Court would have to make assumptions about its actual content. Speculation about that content and, thus, about the advice given to the appellant, would be inappropriate for appellate review. *Millisock*, 873 A.2d at 752. Consequently, we imposed upon *Anders* counsel the duty to attach to the withdrawal petition a copy of any letter used by counsel to advise the appellant of the rights associated with the *Anders* process.

¶ 14 In this case, the absence of counsel's letter violates the holding of, and presents the same difficulty that arose in, *Millisock*. Without reviewing the letter sent by counsel to Appellant, we are unable to determine what advice was given to him. Accordingly, counsel's petition is deficient.

¶ 15 There are also problems with the brief. Although counsel's brief sets forth Appellant's issue and states some law relevant to the validity of a plea, it does not present the principles relating to ineffectiveness of counsel. The ineffectiveness test is relevant to this case because Appellant contends his counsel coerced him into pleading guilty. As the brief makes no mention of ineffectiveness law, we have no basis upon which to conclude that counsel considered that law when evaluating Appellant's case.

¶ 16 There is a point we must stress. We are quite aware the test for ineffectiveness is well-established. This Court certainly knows the test and could apply it if we proceeded to review the merits of this appeal. However, the point at this juncture is not that we are familiar with the law but, rather, whether *Anders* counsel has explored the appropriate law in light of the appropriate facts. Because counsel has not articulated the pertinent law in the brief, the brief does not comply with *Anders*.

¶ 17 The brief makes some general and limited factual assertions, but does not cite to the record in order to illustrate the facts relevant to Appellant's desired claim. This failure offends *Anders*. In particular, the brief provides insufficient grounds upon which to conclude that counsel examined all the pertinent facts. We note as well that this failure violates Pa.R.A.P. 2119(c) (requiring citations to support factual references).

¶ 18 Finally, we observe the brief does not conclude that the appeal is frivolous, although counsel reached that conclusion in his petition. Instead, the brief appears to argue, albeit in a summary, undeveloped fashion, that the plea was invalid. We understand that counsel may merely be

stating the position that Appellant wishes to advance. Nevertheless, the fact remains that the brief does attempt some argument on Appellant's behalf and does not reach a finding of frivolousness. Once again, we are in a position that calls for speculation as to what counsel actually meant. As we have made plain, part of the reason for requiring counsel to follow the structured protocol of *Anders* is to eliminate speculation by this Court.

¶ 19 In light of our foregoing analysis, we find counsel's petition and brief fail to meet the mandates of *Anders.* Consequently, we deny counsel's petition to withdraw without prejudice to re-file such a petition.

¶ 20 Within thirty days of this date, counsel shall file either a properly developed advocate's brief or a new petition to withdraw and a new brief pursuant to *Anders.* If counsel elects to file a petition to withdraw and an accompanying brief, he must comply with all the *Anders* requirements.

¶ 21 If Appellant's current counsel files a new *Anders* petition and brief, Appellant shall have the opportunity, if he so chooses, to file his own brief *pro se* or by new counsel whom he retains. Any such brief filed by Appellant or his new counsel shall be filed with this Court within forty-five days of the date current counsel files his new *Anders* petition and brief. The Commonwealth may respond within thirty days to any brief filed on behalf of Appellant.

¶ 22 We instruct current counsel that, contemporaneously with his filing of any new petition and any new brief (*Anders* or otherwise), he must serve copies of said documents on Appellant.

¶ 23 In order to afford counsel the opportunity to review the certified record, we remand the case to the trial court. The trial court shall retain the record for nine-ty days after the date of this Opinion and shall then return the record to the Prothonotary of this Court.

¶ 24 Petition to withdraw denied. Case remanded. Panel jurisdiction retained.

¶ 25 Judge Orie Melvin concurs in the result.