J-S44022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD ADAM HARTLEB | |
| Appellant | No. 1966 WDA 2013 |

Appeal from the Judgment of Sentence November 14, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000856-2013,
CP-25-CR-0001217-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 22, 2014**

Richard Adam Hartleb appeals from the judgment of sentence imposed by the Court of Common Pleas of Erie County, after his conviction for several offenses and his guilty plea to other offenses.  Hartleb's counsel also seeks to withdraw pursuant to the dictates of **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Hartleb's judgment of sentence.

On September 23, 2013, a jury convicted Hartleb of four counts of terroristic threats.[1] four counts of simple assault,[2] and one count each of

_____

[1] 18 Pa.C.S. § 2706(a)(1).
*(Footnote Continued Next Page)*

possessing an instrument of crime (PIC)[3] and carrying a firearm without a license.[4] These convictions stemmed from an incident that occurred on February 8, 2013, in which Hartleb pointed a handgun at several individuals at Haggerty's Bar in Erie.

On November 5, 2013, Hartleb pled guilty to recklessly endangering another person[5] and carrying a firearm without a license.[6] These guilty pleas arose out of an incident on January 13, 2013, when Hartleb fired a handgun near the victim and toward a vehicle on the 1100 block of Wallace Street in Erie.

On November 14, 2013, the trial court imposed an aggregate sentence of six to fourteen years' incarceration. Hartleb filed timely motions for modification of sentence, which the court denied. This appeal followed.

On February 18, 2014, Hartleb's counsel filed an **Anders** brief. "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 847 A.2d 638, 639 (Pa. Super. 2005).

*(Footnote Continued)* ―――――――――

[2] 18 Pa.C.S. § 2701(a)(3).

[3] 18 Pa.C.S. § 907(a).

[4] 18 Pa.C.S. § 6106(a)(1).

[5] 18 Pa.C.S. § 2705.

[6] **See** n.4, **supra**.

Furthermore, counsel must comply with certain mandates when seeking to withdraw pursuant to *Anders*, *Santiago*, and *McClendon*. These mandates are not overly burdensome and have been summarized as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Moreover, the *Anders* brief that accompanies counsel's petition to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, counsel has filed a petition averring that, after a thorough review of the record, he finds the appeal to be wholly frivolous, and states his reasons for so concluding. *Santiago*, *supra*. Counsel provided a copy of the petition and *Anders* brief to Hartleb, advised him of the right to retain new counsel, proceed *pro se*, and raise any additional points he deems worthy of this Court's attention. Accordingly, we find counsel has met the requirements of *Anders*, *McClendon*, and *Santiago*.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

In his *Anders* brief, counsel discusses the following issues of arguable merit:

> (1) Did the trial court manifestly abuse its discretion when it ordered the sentences in [Hartleb's] two cases to run consecutively to one another, rather than concurrently?
>
> (2) Did the Commonwealth present evidence sufficient for the jury to conclude beyond a reasonable doubt that [Hartleb] carried a firearm without a license?

*Anders* Brief, at 7.

Hartleb's allegation that his sentence was excessive is a challenge to the discretionary aspect of his sentence. Judicial review of the discretionary aspects of a sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. *Commonwealth v.*

- 4 -

*Tuladziecki*, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (*en banc*).

> [A] defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Dodge*, 77 A.2d 1263, 1270 (Pa. Super. 2013).

With respect to the incident at Haggarty's Bar, the jury found Hartleb guilty of four counts of terroristic threats, for each of which the court imposed a sentence of nine to sixty months' incarceration. The jury also found Hartleb guilty of four counts of simple assault, for each of which the court imposed a sentence of nine to twenty-four months' incarceration. For the PIC conviction, the court imposed a sentence of nine to sixty months' incarceration. The court ordered all nine sentences to be served *concurrently* with a sentence of thirty to eighty-four months' incarceration for carrying a firearm without a license. With respect to the offenses arising out of Hartleb firing gunshots on Wallace Street, the court imposed a sentence of twelve to fourteen months' incarceration for reckless endangerment to be served *concurrently* with a sentence of forty-two to

eighty-four months' incarceration for carrying a firearm without a license. Hartleb argues that the court abused its discretion by imposing consecutive sentences for the two firearms violations.

The decision to impose consecutive or concurrent sentences is left to the sound discretion of the trial court. ***Commonwealth v. Prisk***, 13 A.3d 526 (Pa. Super. 2011). A challenge to a sentencing court's decision to impose consecutive sentences does not generally establish a substantial question. ***Id.*** Whether a claim alleging that a consecutive sentence is excessive raises a substantial question depends upon a determination "whether the decision to sentence consecutively raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa. Super. 2010).

In the course of two separate criminal incidents, Hartleb used firearms that he was precluded from carrying. As a result, the lives of his victims were threatened or endangered. We are also mindful of the fact that the trial court ran Harltleb's sentences for terroristic threats, simple assault, PIC and reckless endangerment concurrently with his sentences for firearms not to be carried without a license.

In light of the number and nature of Hartleb's offenses, we determine that the sentence was not excessive on its face. Accordingly, Hartleb has not presented a substantial question that would permit us to review his discretionary aspect of sentence claim.

- 6 -

Hartleb next challenges the sufficiency of the evidence to support his conviction for carrying a firearm without a license, which provides in relevant part, "any person who carries a firearm concealed on or about his person . . . without a valid and lawfully issued license . . . commits a felony of the third degree. 18 Pa.C.S. § 6105.1.

When reviewing the sufficiency of the evidence, we determine "whether the evidence introduced at trial and all reasonable inferences derived from the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to establish all of the elements of [the offense]." *Commonwealth v. Sanchez*, 82 A.3d 943, 967 (Pa. 2013).

Here, the jury heard testimony from four witnesses that Hartleb had a "gun" or "firearm" in his possession at Haggarty's Bar on the night of the incident. N.T. Trial, 9/20/13, at 23, 26, 27-32, 37-41, 57-58, 60-63, and 67. Furthermore, the court instructed the jury, "[T]here is a stipulation for evidence to the effect that [Hartleb] did not have a license." N.T. Trial, 9/20/30, at 37. Based on the evidence adduced at trial, and the stipulation, it is clear that sufficient evidence existed to convict Hartleb of carrying a firearm without a license.

Because Hartleb's claims are frivolous, we grant counsel's request to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2014