J-S23008-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES REAVIS, | : | |
| | : | |
| Appellant | : | No. 328 EDA 2014 |

Appeal from the Judgment of Sentence January 9, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0010703-2012

BEFORE: DONOHUE, SHOGAN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MAY 13, 2015**

James Reavis ("Reavis") appeals from the judgment of sentence entered on January 9, 2014 by the Court of Common Pleas of Philadelphia County, Criminal Division following his conviction of terroristic threats.[1] Reavis' appellate counsel ("Counsel") seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Upon review, we remand for Counsel to comply with the mandates of **Anders** or to file an advocate's brief.

There are particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the significant protection they provide to an **Anders** appellant arise because a criminal

---

[1] 18 Pa.C.S.A. § 2706(a)(1).

*Retired Senior Judge assigned to the Superior Court.

defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders,*** this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf).

***Id.*** (citations omitted).

Presently, Counsel has filed an ***Anders*** brief seeking to withdraw from this case. However, we conclude that Counsel has failed to satisfy the requirements of ***Anders***. First, Counsel's petition to withdraw does not aver that Reavis' claims on appeal are wholly frivolous. Instead, Counsel states only that after a "thorough review of the case" he has concluded that "there are no meritorious issues to be raised on appeal." Petition to Withdraw as Counsel, 10/2/14, ¶ 4. This Court has provided:

It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.

\* \* \*

Our system of appellate review is based upon the notion that an adversarial process will best advance the interests of the parties and the development of the law. In this process, each side is expected to make its best argument(s) and the appellate court decides which argument is of greater merit. It appears that unless a position is without question defeated by existing caselaw, an appointed counsel should advance the best argument he/she is capable of constructing and allow the appellate court to make the ultimate determination that the argument lacks merit. It may be that counsel believes that the argument advanced is unlikely to ultimately prevail. Nevertheless, this does not mean that the appeal is wholly frivolous.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1231 (Pa. Super. 2006) (quotations and citations omitted).

Second, while Counsel has provided copies of his petition to withdraw and *Anders* brief to Reavis and informed Reavis of his right to retain new counsel, Counsel has not advised Reavis of his right to proceed pro se or raise any additional points worthy of this Court's attention, despite two orders from this Court requesting that he do so. *See* Letter, 12/5/14; Order, 12/22/14; Order, 11/10/14.

As Counsel has not complied with the requirements of **Anders**, we remand this case for Counsel to file an amended petition to withdraw alleging that the appeal is wholly frivolous or an advocate's brief within ten days of the date of the filing of this memorandum. If Counsel chooses to file an amended petition to withdraw, Counsel must also contemporaneously inform Reavis of his right to proceed pro se or raise any additional points worthy of this Court's attention. Counsel must file proof that he has done so with this Court. Additionally, if Counsel chooses to file an amended petition to withdraw, Reavis has twenty days from the date of the filing of the amended petition to withdraw to file a pro se response if he so chooses.

Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2015