J. S21035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JUSTIN SCOTT DIGNARD, : No. 1629 WDA 2017
:
Appellant :


Appeal from the Judgment of Sentence, August 9, 2016,
in the Court of Common Pleas of Venango County
Criminal Division at No. CP-61-CR-0000143-2016


BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 6, 2018**

Appellant, Justin Scott Dignard, appeals from the August 9, 2016[1] judgment of sentence following his convictions for robbery—threat of serious bodily injury and robbery (felony 2).[2] Matthew C. Parson, Esq. ("Attorney Parson"), has filed an application to withdraw, alleging that the

---

[1] Appellant's trial counsel did not appeal the August 9, 2016 judgment of sentence. Appellant's appeal rights were reinstated in a Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, proceeding. Appellant's appellate counsel mistakenly stated that he appealed to this court from the order of October 2, 2017, which granted the PCRA petition. Appellant's appeal properly lies from the judgment of sentence, dated August 9, 2016. The caption originally stated that the appeal was from the PCRA order. We have amended the caption accordingly.

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 3701(a)(1)(v), respectively.

appeal is frivolous, accompanied by an **Anders** brief.[3]  Upon review, we deny counsel's application to withdraw and remand for either a compliant **Anders**/**Santiago** brief or an advocate's brief.

The relevant factual background and procedural history as found by the trial court is as follows:

> The above-captioned cases arise out of two armed robberies of businesses located in Oil City, Pennsylvania, occurring on December 30, 2011 and June 1, 2012, respectively.  [Appellant] eluded authorities for a lengthy period of time, but was eventually arrested . . . .
>
> [Appellant] signed a plea agreement dated June 2, 2016, in which he pled guilty to Count 2, Robbery-Threat of Serious Bodily Injury (Felony 1) at CR No. 143-2016, and Count 1, Robbery (Felony 2) at CR No. 142-2016.  The Commonwealth recommended [appellant] serve standard range sentences at both counts and that they be served concurrently.
>
> Prior to sentencing, [appellant] underwent a pre-sentence investigation and his prior record score was calculated as being a three (3).  The guidelines called for a sentence of fifteen (15) to twenty-one (21) months, and the statutory minimum and maximum sentences were sixty (60) to one hundred and twenty (120) months at Count 1, Felony 2 Robbery.  The guidelines called for a sentence of forty-two (42) to fifty-four (54) months, and the statutory minimum and maximum sentences were one hundred and twenty (120) to two hundred and forty [240] months at Count 2, Felony 1 Robbery-Threat of Serious Bodily Injury.

---

[3] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On August 9, 2016, [appellant] was sentenced by this Court at CR No. 142-2016 on Count 1, Felony 2 Robbery as follows:

> pay the costs of prosecution, all other costs, pay a fine $0 in order to facilitate restitution, make restitution payable to the Clerk of Court[s] of Venango County, in the sum of $900, for the use of Leroy and Elizabeth George, said restitution shall be paid in ten (10) years and is a condition of sentence, and undergo an imprisonment in a STATE INSTITUTION OF THE DEPARTMENT OF CORRECTIONS for a minimum of which shall be twenty-one (21) months, the maximum of which shall be ten (10) years.

Judge Boyer's August 9, 2016 Amended Sentence Order (emphasis in original). In the same sentence order, [appellant] was sentenced by this Court at CR No. 143-2016 on Count 2, Felony 1 Robbery-Threat of Serious Bodily Injury as follows:

> pay the costs of prosecution, all other costs, pay a fine $0 in order to facilitate restitution, make restitution payable to the Clerk of Court[s] of Venango County, in the sum of $6,130, for the use of Thorne's Market, 809 Grandview Road, Oil City, Pennsylvania, 16301 (Said Restitution shall be joint and several with codefendant, Adrian Dignard at C.R. No. 78-2016.) said restitution shall be paid with [sic] ten (10) years and is a condition of sentence, and undergo an imprisonment in a STATE INSTITUTION OF THE DEPARTMENT OF CORRECTIONS for a minimum of which shall be forty-two (42) months, the maximum of which shall be twenty (20) years.

*Id.* (emphasis in original). The Court stated that the sentences imposed at CR No. 142-2016 and

> CR No. 143-2016 were to be served concurrently. ***Id.***
>
> [Appellant] filed a timely notice of appeal, and [appellant] filed the instant Concise Statement on November 17, 2017.[4]

Trial court opinion, 12/8/17[5] at 1-3.

Appellant raises the following issue for this court's review: "Whether the Sentencing Court erred as a matter of law or abused its discretion when the Sentencing Court ordered a Sentence to the maximum of the statute for the sole basis of ensuring restitution was paid in full[?]" (Appellant's brief at 5.)

On February 18, 2018, Attorney Parson filed in this court a motion to withdraw as counsel, because he found the appeal to be "***wholly frivolous***," and an ***Anders*** brief. (Petition for leave to withdraw as counsel, 2/16/18 at 1, ¶ 4 (emphasis in original).)

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).

---

[4] Appellant filed for reinstatement of his appeal rights due to ineffective assistance of counsel under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On October 2, 2017, the trial court granted the PCRA petition and ordered Attorney Parson, appellant's PCRA counsel, to file a direct appeal on behalf of appellant from the judgment of sentence. Attorney Parson filed the notice of appeal on October 26, 2017.

[5] The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 8, 2017.

These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise additional points worthy of the Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise requirements of an *Anders* brief:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to

- 5 -

> withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.

> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Regarding the requirements of *Anders*, Attorney Parson has filed a petition that avers that, after a conscientious examination of the record, he finds the appeal to be wholly frivolous. He has also filed a brief which attempts to set forth the issues that might arguably support the appeal.

However, while he identifies the issue in the statement of questions involved in the brief as "Whether the Sentencing Court erred as a matter of law or abused its discretion when the Sentencing Court ordered a Sentence to the maximum of the statute for the sole basis of ensuring restitution was paid in full" (**Anders** brief at 5), the corresponding heading in the argument section of his brief states, "Whether the Sentencing Court erred as a matter of law or abused its discretion when the Sentencing Court failed to run [appellant's] two Venango County sentences and the Clarion County sentence concurrently." (**Anders** brief at 7.) The body of the argument section of the brief does address the issue contained in the statement of questions involved, so the issue set forth in the brief is in compliance with **Anders**. A review of the record reveals that Attorney Parson complied with the requirements of **Anders** concerning notification to appellant.

With respect to the requirements of **Santiago**, Attorney Parson has provided a summary of the procedural history and facts, although technically he does not comply with this requirement, as there are no citations to the record, and he has referred to the trial court's statement at sentencing that the length of sentence was because appellant also had to pay restitution. However, Attorney Parson has failed to comply with the third and fourth requirements of **Santiago**. Attorney Parson has not set forth in his brief the conclusion that the appeal is frivolous, and he has not stated his reasons for concluding that the appeal is frivolous.

Due to Attorney Parson's failure to comply with **Santiago**, we deny Attorney Parson's petition to withdraw as counsel. We remand this case with instruction to counsel to file either a compliant **Anders**/**Santiago** brief or an advocate's brief. Counsel is directed to comply with this directive within 30 days of the date of this memorandum. Appellant and the Commonwealth may respond within 30 days of counsel's filing of his brief.

Application to withdraw as counsel denied. Case remanded. Jurisdiction retained.