J-S43011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GABRIEL OMAR ROSA-DIAZ | |
| Appellant | No. 1599 WDA 2017 |

Appeal from the Judgment of Sentence imposed August 18, 2017
In the Court of Common Pleas of the 37th Judicial District
Forest County Branch
Criminal Division at No: CP-27-CR-0000005-2017

BEFORE:  STABILE, DUBOW, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 22, 2018**

Appellant, Gabriel Omar Rosa Diaz, appeals from the judgment of sentence imposed in the Court of Common Pleas of the 37th Judicial District, Forest County Branch, on August 18, 2017.  Counsel has filed a brief and petition withdraw pursuant to **Anders. V. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We deny counsel's petition without prejudice and remand for the filing of a proper **Anders** petition and brief or an advocate's brief.

The **Anders** brief challenges the discretionary aspects of Appellant's sentence.  Before we address the merits of the challenge, we must consider the adequacy of counsel's compliance with **Anders** and **Santiago**.  Our Supreme Court requires counsel to do the following.

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 879–80 (Pa. Super. 2014).

The brief filed in the instant matter resembles an advocate brief more than an *Anders* brief. Indeed, most of the requirements set forth above are barely, if at all, met. However, even if we were to conclude that the brief itself meets the requirements, we are constrained to deny counsel's petition to withdraw for the following reasons. First, it is unclear whether counsel provided a copy of the *Anders* brief to Appellant. Second, counsel stated that she informed her client in writing that the appeal was frivolous. Application

for Leave to Withdraw as Counsel, at 3.[1] However, counsel failed to attach a copy of her letter to client. Without that letter, it is impossible to determine whether the content of the letter differed from the averments in the petition to withdraw, or whether the letter provided the correct advice. Indeed, the matter is particularly relevant here because counsel, in her petition, stated that "[a]ny other issues the Appellant may wish to have raised can be argued himself at this procedural juncture." Application for Leave to Withdraw as Counsel, at 3. This statement is, at best, inadequate. Appellant can certainly proceed *pro se*. However, he can also retain substitute counsel, which is not mentioned in counsel's petition. Not knowing whether counsel provided Appellant with proper advice, we must conclude that counsel's petition to withdraw is deficient. ***See Commonwealth v. Woods***, 939 A.2d 896 (Pa. Super. 2007) (counsel's failure to include his letter to defendant in ***Anders*** petition rendered his withdrawal request insufficient); ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005) (same). Accordingly, we deny counsel's petition to withdraw without prejudice to refile such petition.[2]

We remand this case and direct counsel to file, within thirty days of the date of this memorandum, either an advocate's brief or a proper ***Anders*** brief

---

[1] "Your Applicant has advised Appellant of [her frivolousness assessment] by writing him a letter, which is hereby attached[.]" Application for Leave to Withdraw as Counsel, at 3.

[2] Because counsel's petition is deficient, we do not address the merits of the instant appeal.

and petition to withdraw. If counsel files an **Anders** petition and brief, Appellant shall have the opportunity to file his own *pro se* brief or brief by newly retained counsel in accordance with a new briefing schedule determined by the Prothonotary. The Commonwealth may respond within thirty days to any brief filed on behalf of Appellant.

Petition to withdraw denied. Case remanded. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2018