J. S58039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER DOUGLASS, | : | No. 729 WDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 1, 2016,
in the Court of Common Pleas of Venango County
Criminal Division at Nos. CP-61-CR-0000196-2016,
CP-61-CR-0000197-2016

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 30, 2018**

Christopher Douglass appeals from the November 1, 2016 judgment of sentence after he pled guilty to 21 counts of sexual abuse of children, possession of child pornography, criminal use of a communication facility, and indecent assault of a person with a mental disability.[1]  Appellant received an aggregate sentence of 45 months to 35 years of imprisonment. Matthew C. Parson, Esq. ("Attorney Parson") has filed an application to withdraw, alleging that the appeal is frivolous, accompanied by an ***Anders*** brief.[2]  Upon review, we deny counsel's application to withdraw and remand

---

[1] 18 Pa.C.S.A. §§ 6312(c), 6312(d), 7512(a), and 3126(a)(6), respectively.

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

for either a compliant **Anders**/**Santiago** brief and accurate petition to withdraw or an advocate's brief.

On July 9, 2018, Attorney Parson filed in this court a petition for leave to withdraw as counsel, because he found the appeal to be "**wholly frivolous**." (Petition for leave to withdraw as counsel, 7/9/18 at 1, ¶ 3 (emphasis in original).) On July 6, 2018, Attorney Parson filed an **Anders** brief.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the

effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise additional points worthy of the Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise requirements of an *Anders* brief:

[T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Regarding the requirements of *Anders*, Attorney Parson has filed a petition that avers that, after a conscientious examination of the record, he finds the appeal to be wholly frivolous. He has also filed a brief that attempts to set forth the issues that might arguably support the appeal. He identifies the issue in the statement of questions involved in the brief as: "Whether the Sentencing Court erred as a matter of law or abused its discretion when the Sentencing Court ordered an excessive sentence[?]" (*Anders* brief at 5.) The body of the argument section of the brief addresses the issue contained in the statement of questions involved, so the issue set forth in the brief complies with *Anders*.

However, there are some obvious deficiencies in Attorney Parson's petition and accompanying brief. First, this court notes that the first paragraph of Attorney Parson's petition to withdraw states the following: "In this case the Defendant was sentenced to two counts of Aggravated Assault a Felony 2, and two counts of Retail Theft." (Petition for leave to withdraw

as counsel, 7/9/18 at 1, ¶ 1.)  This statement is clearly incorrect as a review of the record confirms that appellant was convicted of crimes related to child pornography and indecent assault.  His failure to identify correctly the crimes for which appellant was convicted is a material defect in the petition, which this court cannot accept.[3]

Turning to the **Anders** brief, there are some additional deficiencies. First, Attorney Parson states that the order from which appellant appeals, the order of court dated November 11, 2016, is attached as Appendix A of the brief, but it is not.  Second, Attorney Parson relies heavily on the trial court opinion and incorporates it by reference when he explains why appellant's appeal is frivolous.  In the brief, Attorney Parson states that the opinion is attached as Appendix B.  However, the opinion was not attached as Appendix B originally.  After filing the brief, Attorney Parson corrected this error by filing an addendum that contained the trial court opinion on July 31, 2018.  It is not clear from the record whether Attorney Parson

---

[3] In Paragraph 3 of the petition to withdraw, Attorney Parson refers to the sentence order of 45 months to 36 years.  A review of the record reveals that the Sentence Order filed on November 4, 2016 states that the aggregate sentence is 3 years 9 months to 35 years as opposed to the 36 years listed in the petition.  (Sentence Order, 11/4/16 at 3-4.)  In addition, Attorney Parson identifies appellant in the caption of the petition as "Chrisopher Douglas."  (Petition for leave to withdraw as counsel, 7/9/18 at 1.)  The record clearly states that appellant's name is "Christopher Douglass."  While these two errors may not appear substantive, Attorney Parson should submit an accurate petition.

included the trial court opinion in the copy of his brief that he sent to appellant or whether he served appellant with the addendum.

In his determination of whether the appeal is frivolous, Attorney Parson states:

> The trial court did give his [sic] reasons for the sentence on the record at the time of sentencing and in addition, the trial court placed in the standard law and the guidelines in the 1925 opinion. The 1925 opinion is attached hereto as Appendix B and incorporated by reference as if filly [sic] set forth herein. There was a deal in that man [sic] of the counts ran concurrently but the different crimes ran consecutively. There was no departure from the standard range.

*Anders* brief at 8. While this court has the ability to review the trial court's opinion, it is not clear that appellant or potential new counsel, if any, could easily do so. Attorney Parson has failed to establish that he sent the complete brief to appellant as required under *Anders*.

Due to the deficiencies in the petition and Attorney Parson's failure to comply with *Anders*, we deny Attorney Parson's petition to withdraw as counsel. We remand this case with instruction to counsel to file either a compliant *Anders*/*Santiago* brief and an accurate petition to withdraw as counsel or an advocate's brief. Counsel is directed to comply with this directive within 30 days of the date of this memorandum. Appellant and the Commonwealth may respond within 30 days of counsel's filing of his brief.

Application to withdraw as counsel denied. Case remanded. Jurisdiction retained.