J. S66045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| IVAN BOLSHAKOV, | : | No. 1063 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 5, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0001834-2017

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 06, 2019**

Ivan Bolshakov appeals from the March 5, 2018 judgment of sentence of the Court of Common Pleas of Delaware County of one year less one day to two years less one day of imprisonment for simple assault, followed by two years of probation for retail theft and possession of drug paraphernalia.[1] J. Anthony Foltz, Esq. ("Attorney Foltz"), had filed an application to withdraw, alleging that the appeal is wholly frivolous, accompanied by an **Anders** brief.[2] After careful review, we deny counsel's application to withdraw and remand for either a compliant **Anders**/**Santiago** brief or an advocate's brief.

---

[1] 18 Pa.C.S.A. §§ 2701(a)(4) and 3929(a)(1), and 35 P.S. § 780-113(a)(32), respectively.

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

The record reflects that Ashai Mathurin ("Mathurin"), a loss prevention agent for Rite Aid, was working at the Rite Aid store at 123 South 69th Street in Upper Darby Township, Pennsylvania on February 8, 2017 when he observed appellant walking around the store with a backpack. Mathurin saw appellant taking random items and putting them in his backpack in a cart. (Notes of testimony, 1/17/18, at 24-25.) Mathurin confronted appellant and told him that he had to come with him because he was stealing. (*Id.* at 26.) Mathurin found Febreze air spray, Dove original soap six pack, cotton balls, energy drinks, socks, insoles for shoes, hairclips, and wristbands valued at $109.13 in the backpack. Mathurin called the Upper Darby Township Police. (*Id.* at 30-31.)

Officer Francis Devine ("Officer Devine") of the Upper Darby Township Police Department responded to the call. When Officer Devine questioned appellant concerning his name, address, and date of birth, appellant "understood everything I was asking him and I was having a full conversation in English just as I am with you today." (*Id.* at 38.) Because Officer Devine could not verify the identifying information appellant gave him through his radio, Officer Devine informed appellant that he would have to place him in handcuffs. Appellant complied with the request as if he understood what Officer Devine said to him. (*Id.* at 39-40.) Before conducting a pat down of appellant, Officer Devine asked appellant if he had anything on his person that could hurt Officer Devine, appellant replied "that he had nothing on him that

would hurt" Officer Devine. (*Id.* at 40.) As he conducted the search, Officer Devine was poked in the hand by a used hypodermic needle that was protruding through the fabric of the pocket of appellant's coat. (*Id.* at 41.) Officer Devine also found a bottle cap in the pocket that had an off-white residue and cotton inside it. Officer Devine explained at trial that the bottle cap was normally used in the preparation of the injection of heroin. (*Id.*) Officer Devine went to the hospital and went through a battery of tests to determine if he had contracted any diseases from the needle. He had to undergo nine or ten blood tests in a six month period. (*Id.* at 42, 45.) Officer Devine was cleared on September 11, 2017. (*Id.* at 47.)

Officer Charles Peterson of the Upper Darby Police Department transported appellant to the police station. Officer Peterson testified that appellant made appropriate responses in English to Officer Peterson. (*Id.* at 62-63.) When Officer Peterson conducted a search of appellant at police headquarters, he found a glass pipe that would be used to smoke narcotics and a plastic cap or bottle cap with some white residue around it. (*Id.* at 64.) Officer Peterson and appellant had a conversation prior to appellant undergoing a blood draw. (*Id.* at 67.) Officer Peterson testified that he overheard appellant speaking to medical professionals at the hospital in English. (*Id.* at 70.)

On January 18, 2018, the jury found appellant guilty of the aforementioned crimes set forth above. On March 5, 2018, the trial court

sentenced appellant and found him eligible for immediate parole with credit for time served.

On April 3, 2018, appellant filed a notice of appeal. On April 4, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On June 13, 2018, in accordance with Pa.R.A.P. 1925(c)(4), Attorney Foltz informed the trial court that he intended to file an **Anders** brief. On June 26, 2018, the trial court filed an opinion in which it stated that it did not see any issue of arguable merit.

Attorney Foltz raises one issue of arguable merit for this court's review: "The Commonwealth failed to produce sufficient evidence that [appellant] committed the offenses because his limited understanding of the English language raises doubt that he had the requisite **mens rea** to commit the acts charged." (**Anders** brief at 5.)

On August 16, 2018, Attorney Foltz filed in this court an application to withdraw his appearance because he found the appeal to be "wholly frivolous." On August 16, 2018, Attorney Foltz filed an **Anders** brief.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
> > These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a

direct appeal and to counsel on that appeal. **_Commonwealth v. Woods_**, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **_Anders_** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **_Anders_** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **_Anders_** counsel must also provide a copy of the **_Anders_** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed **_pro se_** or raise additional points worthy of the Court's attention.

**_Woods_**, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise requirements of an **_Anders_** brief:

> [T]he **_Anders_** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record;

> (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.

> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Regarding the requirements of *Anders*, Attorney Foltz has filed a petition that avers that, after a thorough review of appellant's case, he finds the appeal to be wholly frivolous. He has also filed a brief that attempts to set forth the issues that might arguably support the appeal. He identifies the issue in the statement of the question of arguable merit in the brief as: "The Commonwealth failed to produce sufficient evidence that [appellant] committed the offenses because his limited understanding of the English

language raises doubt that he had the requisite **mens rea** to commit the acts charged." (**Anders** brief at 5.)

The body of the argument section of the brief does not adequately address the issue contained in the statement of the question of arguable merit, so the brief is not in compliance with **Anders**. While Attorney Foltz argues there is sufficient evidence of record to establish that appellant possessed the necessary **mens rea** to be convicted of simple assault at 18 Pa.C.S.A. § 2701(a)(1), appellant was convicted of simple assault at 18 Pa.C.S.A. § 2701(a)(4). The trial court instructed the jury on the elements of Section 2701(a)(4), 18 Pa.C.S.A. § 2701(a)(4), and the jury informed the trial court that appellant was convicted under Section 2701(a)(4). (**See** notes of testimony, 1/17/18 at 115-116; 1/18/18 at 3-4.)

The relevant statutes provide as follows:

> **(a)** **Offense defined.--**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
>
> . . . .
>
> (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of

> an arrest or any search of the person.

18 Pa.C.S.A. § 2701(a)(1) and (4).

Attorney Foltz reaches the conclusion that the evidence was sufficient to establish that appellant acted recklessly if not intentionally and knowingly. (**Anders** brief at 15.)  However, recklessly causing bodily injury to another person is an element of 18 Pa.C.S.A. § 2701(a)(1) not § 2701(a)(4). While the appeal may in fact be frivolous, Attorney Foltz cannot argue that there was sufficient evidence to convict under Section 2701(a)(1) when appellant was convicted under Section 2701(a)(4).

Due to Attorney Foltz's failure to comply with **Anders**, we deny Attorney Foltz's petition to withdraw as counsel.  We instruct counsel to file either a compliant **Anders**/**Santiago** brief or an advocate's brief within 30 days of the date of this Memorandum.  Appellant and the Commonwealth may respond within 30 days of counsel's filing of his brief.

Application to withdraw as counsel denied.  Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/19

- 8 -