J-S05024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
:
NIKYLE GILLIAM  :
:
Appellant  :  No. 212 EDA 2024

Appeal from the Judgment of Sentence Entered December 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003680-2021

BEFORE:  BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY MURRAY, J.:  **FILED APRIL 14, 2025**

Presently, Nikyle Gilliam (Appellant) filed an appeal from the judgment

of sentence entered following his nonjury convictions of sexual assault,

indecent assault, and indecent exposure.[1]  Appellant's counsel, Jules N.

Szanto, Esquire (Counsel), has filed a petition to withdraw as counsel and an

accompanying brief in accordance with **Anders v. California**, 283 U.S. 738

(1967), and **Commonwealth v. Santiago**, 978 A.2d 249 (Pa. 2009).

Previously, finding Counsel's **Anders** brief deficient, we denied Counsel's

petition to withdraw and remanded for Counsel to obtain relevant transcripts

and ensure they were made part of the certified record for appeal, and to file

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3124.1, 3126(a)(1), 3127.

a proper **Anders** brief or advocate's brief. **See Commonwealth v. Gilliam**, 212 EDA 2024 (Pa. Super. Feb. 28, 2025) (unpublished memorandum).

Counsel has complied with this Court's directive to obtain the pertinent notes of testimony and ensure they are part of the certified record. However, we conclude the substance of Counsel's **Anders** brief remains deficient. We therefore deny Counsel's petition to withdraw and remand with instructions.

Previously, we emphasized Counsel's **Anders** brief failed to include a separate discussion of Appellant's challenge to the sufficiency of the evidence supporting his convictions. Counsel's new **Anders** brief now includes the appellate standard of review for sufficiency claims. **See Anders** Brief at 12-13. However, Counsel's discussion of this claim is limited to an assertion that Appellant did not offer a contradictory version of events during trial. **See id.** at 13; **see also id.** (Counsel acknowledging Appellant was able to cross examine the complainant about alleged inconsistencies). Counsel thus continues to conflate the distinct standards governing challenges to the weight and sufficiency of the evidence. **See Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000) (discussing the distinctions between sufficiency and weight claims).

Moreover, Counsel's **Anders** brief fails to identify which convictions, and which element(s) of those convictions, Appellant wishes to challenge. The **Anders** brief fails to even set forth the elements of each offense for which Appellant was convicted. Counsel fails to reference anything in the record

that would arguably support the appeal, nor has Counsel made any attempt to develop Appellant's sufficiency challenge with citations to the record or relevant case law. **See Santiago**, 978 A.2d at 361; **Commonwealth v. Woods**, 939 A.2d 896, 901 (Pa. Super. 2007) ("As we have made plain, part of the reason for requiring counsel to follow the structured protocol of **Anders** is to eliminate speculation by this Court."); **see also** Pa.R.A.P. 2119(a) (providing an appellate argument must include "such discussion and citations of authorities as are deemed pertinent").

Regarding Appellant's weight of the evidence claim, the argument section of Counsel's **Anders** brief baldly references purported discrepancies in the complainant's testimony. Counsel fails to identify specific inconsistencies or explain how those inconsistencies might arguably support Appellant's weight claim. **See Santiago**, 978 A.2d at 361.

In light of the foregoing, we conclude Counsel's **Anders** brief still fails to meet the mandates of **Santiago**. Accordingly, we deny Counsel's petition to withdraw and remand for Counsel to comply with the requirements of **Santiago**, or file an advocate's brief with this Court. Counsel's <u>compliant</u> **Anders** brief or advocate's brief shall be filed within 30 days of the date of this judgment order.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.