J-S76031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES LUTHER KING :
:
Appellant : No. 678 WDA 2018

Appeal from the Judgment of Sentence May 3, 2017
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000150-2016

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 24, 2018**

James Luther King (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of committing numerous sex offenses. Appellant's appellate counsel (Counsel) seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful consideration, we affirm in part and vacate in part Appellant's judgment of sentence, deny Counsel's petition to withdraw, and remand for proceedings consistent with this decision.

From approximately 2006 to 2015, Appellant sexually assaulted five females ranging in age from 5 to 20. The victims reported these crimes to the Pennsylvania State Police (PSP) in December 2015. On February 22, 2016, the Commonwealth filed a criminal complaint in which it charged Appellant with 35 counts of various sex offenses. On August 24, 2016, a jury found Appellant guilty of 21 charges, including one count of rape by forcible

compulsion,[1] one count of rape of a child,[2] four counts of corruption of minors,[3] three counts of indecent assault of a complainant less than 13 years of age,[4] three counts of indecent exposure,[5] one count of disseminating explicit sexual material to a minor,[6] five counts of indecent assault without the complainant's consent,[7] one count of indecent assault by forcible compulsion,[8] one count of indecent assault of a complainant less than 16 years of age,[9] and one count of invasion of privacy.[10]

After Appellant's convictions, the trial court, pursuant to the provisions of 42 Pa.C.S.A. § 9799.24, ordered the Pennsylvania Sexual Offenders Assessment Board (SOAB) to assess Appellant to determine whether he was a Sexually Violent Predator (SVP). On April 7, 2017, the trial court held a

---

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] 18 Pa.C.S.A. § 3121(c).

[3] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[4] 18 Pa.C.S.A. § 3126(a)(7).

[5] 18 Pa.C.S.A. § 3127(a).

[6] 18 Pa.C.S.A. § 5903(c)(1).

[7] 18 Pa.C.S.A. § 3126(a)(1).

[8] 18 Pa.C.S.A. § 3126(a)(2).

[9] 18 Pa.C.S.A. § 3126(a)(8).

[10] 18 Pa.C.S.A. § 7507.1(a)(1).

hearing on Appellant's SVP status, at the conclusion of which it found that the Commonwealth had proved its burden of establishing by clear and convincing evidence that Appellant met all of the criteria of an SVP. On April 10, 2017, the trial court entered an order classifying Appellant as an SVP.

On May 3, 2017, the trial court sentenced Appellant to an aggregate term of 24 to 48 years of incarceration. The trial court's sentencing order specifically instructed Appellant to register as an SVP pursuant to SORNA. Appellant did not file any post-sentence motions or a direct appeal.

On September 28, 2017, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel and on January 31, 2018, Appellant filed an amended PCRA petition. On April 9, 2018, the PCRA court entered an order granting Appellant's PCRA petition, and reinstating his direct appeal rights *nunc pro tunc*. In the same order, the PCRA court appointed Counsel to represent Appellant for his direct appeal. On May 7, 2018, Appellant filed a timely notice of appeal from his judgment of sentence. Both the trial court and Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

On October 16, 2018, Counsel filed petition to withdraw as counsel with this Court and an ***Anders*** brief. There are particular mandates that counsel seeking to withdraw pursuant to ***Anders*** must follow. These mandates and the significant protection they provide to an ***Anders*** appellant arise because

a criminal defendant has a constitutional right to a direct appeal and to counsel

on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super.

2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders,*** this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf).

***Id.*** (citations omitted).

Additionally, there are requirements as to precisely what an ***Anders***

brief must contain:

> [T]he Anders brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. When faced with a purported ***Anders*** brief, we

may not review the merits of the underlying issues without first deciding

- 4 -

whether counsel has properly requested permission to withdraw. ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 354 n.5.

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition for Leave to Withdraw as Counsel, 10/16/18, at ¶ 2. In conformance with ***Santiago***, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the only issue he believes might arguably support Appellant's appeal. ***See Anders*** Brief at 9-16. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. ***See id.*** Finally, Counsel has attached to his petition to withdraw the letter that he sent to Appellant, which enclosed Counsel's petition and ***Anders*** brief and advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

Accordingly, we must determine whether Appellant's appeal is wholly frivolous. Based upon our independent review of the record, we conclude that Appellant's appeal is not frivolous. Appellant seeks to raise ineffective

assistance of counsel claims on direct appeal. *See Anders* Brief at 14-16. Counsel correctly asserts that, generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 (Pa. 2013). Our Supreme Court has held that "[g]enerally, claims of ineffectiveness of counsel are not ripe until collateral review." *Commonwealth v. Knox*, 165 A.3d 925, 928 (Pa. Super. 2017) (citing *Holmes*, 79 A.3d at 576), *appeal denied*, 173 A.3d 257 (Pa. 2017). Ineffective assistance of counsel claims are permitted on direct review, at the discretion of the trial court, only where there exists: (1) extraordinary circumstances, or (2) good cause accompanied by a knowing and express waiver of PCRA rights. *Holmes*, 79 A.3d at 577-80. Exceptional circumstances exist where "a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." *Id.* at 577. Here, Appellant makes no argument that extraordinary circumstances exist nor has he waived PCRA review. Therefore, insofar as Appellant challenges his trial counsel's effectiveness, such claims must await collateral review.

Were this Appellant's only conceivable claim, Counsel would be correct that Appellant's appeal is wholly frivolous. *See id.* However, based on this Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018), we conclude that Appellant's case presents an issue that entitles him to relief.

In **Butler**, instead of reaching the appellant's issues, this Court concluded *sua sponte* that the appellant's SVP designation constituted an illegal sentence. **Id**. at 1214 (stating that questions regarding the legality of a sentence are non-waivable and that this Court may raise them *sua sponte*). This Court explained:

> To understand the issue presented in this case, it is necessary to review the relevant portions of SORNA that address SVPs. Under SORNA, an individual convicted of a sexually violent offense . . . must be evaluated by the SOAB. 42 Pa.C.S.A. § 9799.24(a). The SOAB conducts a 15-factor analysis to determine if the individual should be designated an SVP. 42 Pa.C.S.A. § 9799.24(b). The SOAB then submits a report to the prosecuting authority. 42 Pa.C.S.A. § 9799.24(d). Upon praecipe by the prosecuting authority, the trial court schedules an SVP hearing. 42 Pa.C.S.A. § 9799.24(e)(1). At the conclusion of that hearing, "the court [determines] whether the Commonwealth has proved by clear and convincing evidence that the individual is a[n SVP]." 42 Pa.C.S.A. § 9799.24(e)(3). It is this last step in the process, section 9799.24(e)(3), that is at issue in this case.
>
> As relevant to the issue presented in this case, an SVP faces mandatory lifetime registration under SORNA. 42 Pa.C.S.A § 9799.15(a)(6).

**Butler**, 173 A.3d at 1215.

In addressing the constitutionality of Pennsylvania's procedural mechanism for SVP designations, we first acknowledged that "[i]n [**Apprendi v. New Jersey**, 530 U.S. 466 (2013)], the Supreme Court of the United States held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Butler**, 173 A.3d at 1216 (quoting **Commonwealth v. Conaway**, 105 A.3d 755, 761

(Pa. Super. 2014)). We further recognized that in **Alleyne v. United States**, 570 U.S. 99 (2013), "the [Supreme Court of the United States] held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." **Butler**, 173 A.3d at 1217 (quoting **Conaway**, **supra**).

Mindful of **Apprendi**, **Alleyne**, and our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), this Court held that the Pennsylvania statutory procedure for designating individuals as SVPs was unconstitutional. **Id.** at 1217-18. We reasoned:

> [O]ur Supreme Court's holding [in **Muniz**] that registration requirements under SORNA constitute a form of criminal punishment is dispositive of the issue presented in this case. In other words, since our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under **Apprendi** and **Alleyne**, a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,]" 42 Pa.C.S.A. § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny. Accordingly, we are constrained to hold that section 9799.24(e)(3) is unconstitutional and Appellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

**Id.** at 1217-18.

Thus, the Court concluded:

> As the sole statutory mechanism for SVP designation is constitutionally flawed, there is no longer a legitimate path

> forward for undertaking adjudications pursuant to section 9799.24. As such, trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism.

*Id.* at 1218. Ultimately, the Court reversed the order finding the appellant to be an SVP and remanded the case to the trial court for the sole purpose of issuing appropriate notice of the tier–based registration period.

Here, our review of the certified record reveals that the trial court, which did not have the benefit of the *Butler* decision, designated Appellant as an SVP without making the required factual findings beyond a reasonable doubt. *See* N.T., 4/7/17, at 43-47. Therefore, we conclude that Appellant's appeal is not wholly frivolous, and vacate Appellant's judgment of sentence **only** to the extent it ordered him to register as an SVP under SORNA and designated him as an SVP. We affirm the judgment of sentence in all other respects. In light of this decision, we deny Counsel's petition to withdraw and remand this matter to the trial court for the sole purpose of issuing appropriate notice of Appellant's tier–based registration period.

Judgment of sentence affirmed in part and vacated in part. Counsel's petition to withdraw denied. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.


Date: 12/24/2018