J-S54008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHASE M. RANG | : | |
| | : | |
| Appellant | : | No. 67 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 18, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001229-2006
CP-54-CR-0001818-2009

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 19, 2019**

Chase M. Rang appeals from the judgment of sentence of one to two years of incarceration followed by three years of probation that was imposed following a probation revocation hearing and a successful motion for reconsideration.  Appellant's counsel, Robert M. Reedy, Esquire, has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We deny counsel's request to withdraw and remand for counsel to take appropriate action in conformance with our decision.

Appellant pled guilty to one count each of criminal trespass and criminal conspiracy, along with five counts each of theft by unlawful taking and receiving stolen property and was sentenced to a term of imprisonment followed by probation supervision. On  February  20,  2018,  Appellant

appeared for a probation revocation hearing.[1]    At the conclusion of the hearing, Appellant was resentenced to serve two to four years of incarceration and a consecutive one year term of probation.  Appellant filed a motion to modify sentence, which was granted.  On April 18, 2018, the court modified Appellant's sentence to one to two years of incarceration followed by a three year term of probation.

A *pro se* "post-sentence motion appeal," and request for a ***Grazier***[2] hearing followed.  On May 24, 2018, following a hearing, the trial court granted Appellant's request to proceed *pro se*, instructed the clerk of courts to insure that Appellant's motion was correctly docketed as a notice of appeal, and ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement.  In its

_____

[1] Appellant stipulated to the violations alleged by the probation department which included:

> use of illegal controlled substances and fighting with probation officers.  State Parole/Probation Officer Ronald Thompson testified to [Appellant's] history of fighting with officers, use of illegal controlled substances and failure to complete drug and alcohol treatment and community service despite given opportunities to do so.  According to Officer Thompson, on the day of the incident leading to the most recent revocation proceedings [Appellant] admitted using heroin and marijuana and tested positive for such use.  Further, [Appellant] had resisted arrest.  In addition, [Appellant] also possessed illegal drugs that day which Officer Thompson believed were heroin and methamphetamine.

Trial Court Opinion, 7/6/18, at 2 n. 1.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998).

- 2 -

June 4, 2018 order, the trial court also noted that Appellant had included the case caption for CP-54-CR-1818-2009[3] on his notice of appeal, but had made it clear that he only intended to challenge his conviction at this case. Appellant filed a concise statement of errors complained of on appeal and on July 6, 2018, the trial court filed its opinion. On September 17, 2018, we quashed Appellant's direct appeal after his notice of appeal was not timely filed. Appellant filed a *pro se* PCRA petition seeking the reinstatement of his direct appeal rights, which was granted on November 30, 2018.

On January 2, 2019, Appellant filed a *pro se* notice of appeal, again including CP-54-CR-1818-2009 in his case caption. The trial court ordered Appellant to file a new Pa.R.A.P. 1925(b) concise statement. In his statement, Appellant referenced the sentence imposed at CP-54-CR-1818-2009, but only to the extent necessary to challenge how his sentence imposed at this case has been aggregated with the sentence previously imposed at CP-54-CR-1818-2009. He does not contest any aspect of the case listed at that criminal action number.

On February 22, 2019, this Court issued a rule to show cause why the appeal should not be quashed pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), since appellant filed one notice of appeal that included

---

[3] This case was heard before a different judge and involved separate statutory sexual assault and related charges. On May 10, 2010, that trial court sentenced Appellant to serve two to four years of incarceration consecutive to the sentence of incarceration Appellant was already serving at the instant case. As a result of the consecutive sentence imposed, the department of corrections aggregated Appellant's two sentences.

two docket numbers. Appellant did not file a response to our rule to show cause.

On March 13, 2019, the trial court filed its opinion, in which it acknowledged that Appellant had included CP-54-CR-1818-2009 and that the trial court was not the presiding judge in that case.

On May 24, 2019, Appellant filed an application requesting the appointment of counsel to represent him on appeal. On June 11, 2019, the trial court acceded to Appellant's request and appointed aforementioned counsel. In this Court, in lieu of an advocate's brief, counsel filed an **Anders** brief and a petition to withdraw. This filing triggers specific requirements.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

**Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). Our Supreme Court has also clarified portions of the **Anders** procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

> record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361. If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Id***. at 354 n.5.

Counsel's petition to withdraw and ***Anders*** brief does not substantially comply with the technical requirements set forth above. Counsel has set forth a limited procedural history with no factual summary. Additionally, while counsel vaguely identifies three issues that arguably support the appeal, he has failed to include an analysis of any of them. Instead, counsel concludes that the ***Walker*** decision requires the court to quash Appellant's appeal. ***Anders*** brief at 8.

We disagree with Appellant's conclusion that ***Walker*** necessitates quashal here. From our independent review of the record, it is clear that Appellant's appeal relates only to CP-54-CR-1229-2006. Therefore, although Appellant filed a single notice of appeal listing two docket numbers, quashal is not required because Appellant's contentions concern only to the April 18, 2018 order that is the subject of this appeal. ***See Commonwealth v. Sayles***, 1365 WDA 2018, 2019 WL 2353469, at *3 (Pa.Super. June 4, 2019) (non-precedential decision) (holding that ***Walker*** did not apply to appeal involving issues only related to one of the two docket numbers at issue). As such, we cannot conclude that counsel met his obligations because of his categorical

determination that this appeal must be quashed. Therefore, we deny counsel's petition to withdraw and remand with instructions for counsel to either file an advocate's brief within 30 days or another **Anders** brief and petition seeking to withdraw within 30 days of the date of this memorandum that complies with the requirements articulated above. **See Santiago**, **supra** at 361.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.