J. A17033/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT JENKINS, | : | No. 151 EDA 2020 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 29, 2019,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0005669-2018

BEFORE:  BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED OCTOBER 20, 2020**

Robert Jenkins appeals from the May 29, 2019 judgment of sentence entered by the Court of Common Pleas of Bucks County following his conviction of robbery, criminal conspiracy to commit robbery, and possessing instruments of crime.[1]  Patrick J. McMenamin, Jr., Esq., filed an application to withdraw his appearance on April 22, 2020, alleging that the appeal is frivolous, accompanied by an **Anders** brief.[2]  After careful review, we grant Attorney McMenamin's application to withdraw and affirm the judgment of sentence.

The trial court set forth the following procedural history:

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a), and 907(a).

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On May 29, 2019, [appellant] entered a guilty plea to robbery (threatening another with/intentionally putting another in fear of serious bodily injury), a felony of the first degree; criminal conspiracy to commit robbery, a felony of the first degree; and possessing instruments of crime, a misdemeanor of the first degree. Pursuant to a plea agreement between [appellant] and the Commonwealth, [appellant] was sentenced to a term of incarceration of six and a half to fifteen years. [Appellant] did not file a timely post-sentence motion or a direct appeal.

On August 5, 2019, [the trial] court received a letter from [appellant], dated July 31, 2019, requesting appointment of counsel to assist him in filing "a reconsideration" and to "retract my guilty plea." Since the time for filing post-sentence motions and a direct appeal had expired, [appellant's] letter was treated as a request for relief under the Post Conviction Relief Act ("PCRA").[3] On August 19, 2019, PCRA counsel was appointed. On November 15, 2019, [the trial] court entered an agreed order granting [appellant's] request for PCRA relief and reinstating [appellant's] right to file post-sentence motions and/or a direct appeal from the judgment of sentence **nunc pro tunc**.

On November 25, 2019, [appellant] filed a motion for reconsideration of sentence **nunc pro tunc**. By order dated[] November 27, 2019, [appellant's] motion for reconsideration of sentence was denied.

On December 27, 2019, [appellant] filed [a] notice of appeal. On January 7, 2020, [appellant] was directed to file a concise statement of matters complained of on appeal []. On January 13, 2020, [appellant] filed his [Rule 1925(b)] statement challenging the discretionary aspects of [his] sentence.

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

Trial court opinion, 2/26/20 at 1-2 (citations, citations to the record, footnote, and extraneous capitalization omitted). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on February 26, 2020.

As noted above, Attorney McMenamin filed with this court an *Anders* brief and an application to withdraw as counsel on April 22, 2020. On April 28, 2020, this court entered an order noting that Attorney McMenamin failed to attach a copy of his letter to appellant, explaining appellant's rights, to his application to withdraw. (Order of court, 4/28/20 (*per curiam*).) This court ordered Attorney McMenamin to provide this court with a copy of his letter to appellant advising appellant of his rights. (*Id.*) On April 29, 2020, Attorney McMenamin filed with this court a copy of the letter he sent to appellant, wherein Attorney McMenamin advised appellant that he has "the right to represent [him]self or to hire private counsel to represent [him.]" (Response to order, 4/29/20, Ex. A.)

> A request by appointed counsel to withdraw pursuant to *Anders* and *Santiago* gives rise to certain requirements and obligations, for both appointed counsel and this Court. *Commonwealth v. Flowers*, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

[T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

> counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361.

> **Id.** at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 1248. In so doing, we review not only the issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." **Id.**

**Commonwealth v. Hankerson**, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney McMenamin's application to withdraw, supporting documentation, and **Anders** brief reveals that he has complied with all of the foregoing requirements. We note that counsel has furnished a copy of the brief to appellant, advised appellant of his right to retain new counsel or proceed **pro se**, and raise any additional issues before this court that appellant may deem pertinent; and has filed with this court a copy of the letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa.Super. 2005) (citation omitted). **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the

holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent."). Appellant has not responded to Attorney McMenamin's *Anders* brief. As Attorney McMenamin has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5, quoting *Commonwealth v. McClendon*, 434 A.2d 1185, 1187 (Pa. 1981). Therefore, we now turn to the merits of appellant's appeal.

Attorney McMenamin raises the following issue in his *Anders* brief: "Is the record devoid of any issue having arguable merit and is appellant's appeal wholly frivolous?" (*Anders* brief at vi (full capitalization omitted).) Within the *Anders* brief, however, Attorney McMenamin more specifically identifies the following three issues:

> A. Did the lower court err, and abuse its discretion in sentencing appellant to the negotiated aggregate sentence of not less than 6½ nor more than 15 years[' imprisonment]?
>
> B. Does appellant have any grounds upon which to seek the post-sentence withdraw his [sic] guilty plea?
>
> C. Is appellant eligible to raise one or more of the three grounds of appeal that remain following the entry of a negotiated guilty plea?

***Anders*** brief at 6, 8, 12 (full capitalization omitted).

Although Attorney McMenamin advances no argument in the ***Anders*** brief with respect to these potential issues, we note that neither ***Anders*** nor ***McClendon*** requires counsel to set forth an argument; rather, ***Anders*** requires counsel to provide references to anything in the record that might arguably support the appeal. ***Santiago***, 978 A.2d at 354. Attorney McMenamin has done so. After carefully reviewing the record in this case, we conclude that the record supports Attorney McMenamin's assessment that the appeal is frivolous because the record demonstrates that appellant entered into the negotiated plea agreement knowingly, voluntarily, and intelligently. Additionally, the record reflects that appellant does not have any meritorious grounds for challenging the legality of his sentence or the jurisdiction of the trial court. (***Anders*** brief at 12-13.)

Moreover, our independent review of the entire record reveals no additional non-frivolous claims. We, therefore, affirm the judgment of sentence and grant Attorney McMenamin's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/20/2020*