J-S06033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHERRY VARGSON | : | |
| | : | |
| Appellant | : | No. 2074 EDA 2020 |

Appeal from the Judgment of Sentence Entered May 26, 2020
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-0001121-2018

BEFORE:  PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: March 25, 2021

Sherry Vargson (Vargson) appeals the judgment of sentence entered by the Court of Common Pleas of Carbon County (trial court).  Following a two-day jury trial, Vargson was found guilty of two counts of forgery (18 Pa.C.S. § 4101(a)(2)) and to two counts of tampering with records or identification (18 Pa.C.S. § 4104(a)).  She was sentenced to an aggregate probationary term of two years, and her appellate counsel has filed both a petition to withdraw and an **Anders**[1] brief stating that the present appeal is wholly

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

frivolous. For the reasons that follow, we grant counsel's petition to withdraw and affirm.

**I.**

This case arose from Vargson's unpaid utility bills in Franklin Township (the Township) where she resides.[2] In 2016, she had accrued an outstanding balance of about $9,000.00, having failed to pay her water bills for several years. Due to that balance, the Township mailed Vargson notices in 2016 and 2018 informing her of its intent to shut off water service to her home.

Each time a notice was sent, the Township received in response a letter purportedly sent and signed by Vargson's nurse practitioner, Holly Marakovits, CRNP. These letters represented to the Township that shutting off Vargson's water would be detrimental to her health. In reliance on these letters, the Township continued providing water service to Vargson's home and the large balance on her account remained unpaid.

However, after receiving the letter sent in 2018, the Township contacted Marakovits' office to confirm that she had indeed interceded on behalf of Vargson with respect to her water bill. Marakovits' office denied doing so. The Township reported the incident to the police as potential fraud and Vargson was charged with the offenses outlined above.

_____

[2] The facts summarized here are taken from the record and the trial court's 1925(a) opinion.

At trial, Marakovits testified that the two letters received by the Township in 2016 and 2018 concerning Vargson's water service had not been sent from her office. She detailed how those two letters did not conform to the template used by her office for such correspondence. Marakovits testified that her signature on each letter appeared to be photocopied and that her office had no record of those letters ever being sent.

Importantly, on the same date that the two subject letters were sent to the Township regarding Vargson's water service, Marakovits *did* send similar letters asking Pennsylvania Power and Light (PPL) not to shut off Vargson's electricity. Marakovits recalled that she had agreed to send those letters because she believed that Vargson's health would be adversely impacted by the lack of electricity in her home. Power was needed to run Vargson's medical equipment and to keep her medication refrigerated. Marakovits declined to send similar letters to the Township because she did not believe a water shut-off would pose health risks to Vargson.

The Township's billing clerk testified at trial that Vargson had contacted her in 2016 and 2018 to confirm that the letters concerning her water service had been received. Additionally, the investigating police officer who questioned Vargson about the incident testified that she admitted to knowing that the two suspect letters were sent, insisting that they were authentic.

After Vargson was found guilty and sentenced, she timely appealed. Vargson's appointed appellate counsel sought to withdraw from

representation. To that end, appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, but explaining why, in her opinion, the appeal was frivolous. Counsel also filed a petition to withdraw.

## II.

## A.

Criminal defendants have a constitutional right to a direct appeal as well as to counsel on that appeal. *See Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). Before appointed appellate counsel may be permitted to withdraw pursuant to *Anders*, the following conditions must be met:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Id*. at 898.

> Once an *Anders* brief is filed, its contents are only sufficient if they:
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In addition, counsel must provide the appellant a copy of the petition to withdraw and the **Anders** brief, advising her of the right to retain new counsel, to proceed *pro se*, or to raise new grounds for appellate relief. **Id**. at 351. If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id**. at 354 n.5.

## B.

In this case, counsel has satisfied the technical requirements of **Anders** and **Santiago**. She has filed a petition seeking to withdraw with this Court, stating that she has examined the entire record and found this appeal to be frivolous. The petition included an attached copy of the letter she sent to Vargson. Enclosed with that letter was a copy of the petition to withdraw, as well as a copy of the **Anders** brief. The content of the **Anders** brief also comports with all requirements for counsel's withdraw.

As for this Court's independent review of the record, we are unable to identify any non-frivolous issues. The evidence of guilt, while circumstantial,[3]

---

[3] For sufficiency of the evidence claims, we review the record in the light most favorable to the verdict winner, and evidence is deemed sufficient as long as there is some evidence that establishes each element of the charged offense. **See Commonwealth v. Franklin**, 69 A.3d 719, 722-23 (Pa. Super. 2013). Guilt may be proven by wholly circumstantial evidence as long it permits a reasonable inference of culpability that overcomes the accused's presumption of innocence. **See id**.

was sufficient to sustain Vargson's convictions on charges of forgery and tampering. *See* 1925(a) Opinion, 12/2/2020, at 7-8.

> A person commits the offense of tampering if she:
>
> (1) knowingly makes a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government;
>
> (2) makes, presents or uses any record, document or thing knowing it to be false, and with intent that it be taken as a genuine part of information or records referred to in paragraph (1) of this subsection; or
>
> (3) intentionally and unlawfully destroys, conceals, removes or otherwise impairs the verity or availability of any such record, document or thing.

18 Pa.C.S. § 4911(a).

> A person commits the offense of forgery if she, with intent to defraud or injure another, commits the following acts:
>
> (1) alters any writing of another without his authority;
>
> (2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
>
> (3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

*Id*. at § 4101(a).

Here, the jury heard evidence that satisfied the elements of both tampering and forgery. The two letters sent to the Township in 2016 and

2018 regarding Vargson's water service were shown to be fabricated. The Township received each letter immediately after the two instances in which Vargson had unsuccessfully asked her nurse practitioner to send such letters on her behalf. Vargson admitted to police she knew of the letters and claimed they were genuine. This evidence tended to show that Vargson intentionally manipulated documents provided by her nurse practitioner (tampering) and then duplicated the nurse practitioner's signature in order to deceive the Township (forgery).

Thus, Vargson's sufficiency claims have no merit. Finding that this appeal is, in fact, wholly frivolous, we conclude that the judgment of sentence must stand and that Vargson's appellate counsel is permitted to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/21